WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Seguno Curillo-Quizhpi,<br>　　　　　Petitioner,<br>v.<br>United States of America,<br>　　　　　Respondent.<br>_____ | CR 05-1402 TUC-DCB<br>CV 06-456  TUC-DCB<br><br><br><br>**ORDER** |

　　　　Pending before this Court is Petitioner's "Motion for Time Reduction by an Inmate in Federal Custody" (Petition) pursuant to 28 U.S.C. § 2255.  The Court summarily denies the motion and dismisses this action.

　　　　The Petitioner argues that his sentence is unconstitutional because it violates his equal rights.  Petitioner alleges that he is being discriminated against based on his national origin as an alien because unlike United States citizens he may not participate in a half-way house-drug program that would afford a one year reduction in his sentence.  (Document 35: Petition at 1-2.)[1]  He argues that his sentence should, therefore, be reduced.

/////

/////

---

[1] Document numbers refer to the Clerk's Record in this case.

**A.     Conviction and Sentence**

Pursuant to a plea agreement, Petitioner pleaded guilty on May 25, 2006, to violating 8 U.S.C. § 1326(a) for illegal re-entry after deportation with a sentencing enhancement pursuant to subsection (b).  (Document 6: Indictment.)

On August 16, 2006, the Court sentenced the Petitioner to 37 months imprisonment, 3 years supervised release, and a $100.00 special assessment. (Document 34: Judgment of Conviction.)  Petitioner was sentenced pursuant to the Plea Agreement.

**B.     28 U.S.C. § 2255: Summary Dismissal**

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

A district court shall summarily dismiss a § 2255 petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."  Rule 4(b), Rules Governing § 2255 Actions.  The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).  In other words, the Court may summarily dismiss without ordering a response where the record conclusively or plainly shows that the movant is not entitled to relief. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  Moreover, if there has been a valid waiver of the right to file a federal habeas corpus petition, a court lacks jurisdiction to hear the case. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted and the Court lacks jurisdiction to hear the Motion because Petitioner has waived the right to bring a § 2255 motion.[2]

**C.      Waiver: 28 U.S.C. § 2255**

The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id.* In this action, Petitioner's waiver was clear, express, and unequivocal.

The right to petition for relief under 28 U.S.C. § 2255, like the right to bring a direct appeal, is statutory. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (citing *see Abney v. United States,* 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")). Like the waiver of the right to a direct appeal, a knowing and voluntary waiver of rights under 28 U.S.C. § 2255 is enforceable. *Id.* (citing *United States v. Navarro-Botello,* 912 F.2d 318, 321(9th Cir.1990)).

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Therefore, an express waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

---

[2] While the Court summarily dismisses this Petition based on the waiver of Petitioner's right to collaterally attack his sentence contained in his Plea Agreement, the Court could equally have made its findings based on the merits of Petitioner's claims. The Ninth Circuit has explicitly rejected Petitioner's equal protection argument in *McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014. The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. *See Lampert*, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

/////

/////

/////

**D.     The Plea Agreement.**

Upon review of the record in this case, it appears that the Petitioner was sentenced pursuant to a plea agreement containing an express waiver of all appeal rights, direct and collateral. (Document 31 Plea Agreement at 4.)[3]

The Petitioner signed the Plea Agreement stating that he had discussed the terms with his attorney, that he agreed to the terms and conditions, which included the waiver of his right to appeal, and that he voluntarily and knowingly entered into the Plea Agreement. *Id.* at 6-7. This Court's sentencing colloquy fully complies with Fed. R. Cr. P. 11, including an inquiry into the voluntariness of any plea agreement, gives notice to the defendant if the plea agreement contains a waiver of appellate rights and inquires into the voluntariness of the waiver.

**E.     Conclusion**

Petitioner's assertions in his § 2255 Motion pertain to sentencing and do not pertain to the voluntariness of the waiver. Petitioner expressly waived issues regarding the imposition of sentence and expressly waived a § 2255 action. The Court accepted his plea as voluntarily made. *Compare United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (waiving appeal of sentencing issues also waives the right to argue on appeal that

---

[3]Petitioner made the following waiver: "The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack."

Pursuant to the Plea Agreement, Defendant agreed that upon filing a Petition such as the one filed here, the case would be remanded to this Court to determine whether he is in breach of the agreement, and if so, the United States shall be permitted to withdraw from the Plea Agreement. *Id.* While the filing of this Petition clearly breaches the Plea Agreement, in the interest of judicial economy this Court shall dismiss it rather than allow the United States to withdraw from it and prosecute the Defendant.

5

counsel was ineffective at sentencing). Consequently, the Court finds that Petitioner waived the sentencing issue raised in his § 2255 motion. Because the issue cannot survive even if Petitioner were permitted to amend the grounds of his Petition, the Court will summarily dismiss the action as plainly without merit.

**Accordingly,**

**IT IS ORDERED** that Petitioner's Motion for Time Reduction by an Inmate in Federal Custody, pursuant to 28 U.S.C. § 2255 (document 35) filed in CR 05-1402 TUC DCB and (document 1) filed in CV 06-456 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 06-456 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of September, 2006.

David C. Bury
United States District Judge

6